**Romane J. RICKELS, Plaintiff–Appellant,**

v.

**CITY OF SOUTH BEND, INDIANA, Defendant,**

**Fara P. Evans, Appellee.**

No. 93–3046.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 9, 1994.

Decided Aug. 24, 1994.

Romane J. Rickels, pro se.

Gaylen W. Allsop, Allsop & Crawford, South Bend, IN, for appellee.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

In the course of litigation against the police of South Bend, Indiana, Romane Rickels served discovery requests on Fara Evans, an attorney who had represented him in litigation against his former wife. The district court denied Rickels' requests to subpoena Evans and to add her as a party, ruling that any dispute Rickels had with Evans is unrelated to his grievance against the police and lacks an independent basis of federal jurisdiction. Rickels persisted, serving additional discovery requests that drove Evans to seek a protective order, which the district judge granted. See Fed.R.Civ.P. 26(c). Next the judge awarded Evans $1,386.78 under Fed. R.Civ.P. 37(a)(4) for the expenses of obtaining the protective order. From this decision Rickels appeals.

The appeal is foredoomed. Rule 37(a)(4) presumptively requires every loser to make good the victor's costs:

> If the motion is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

"The great operative principle of Rule 37(a)(4) is that the loser pays." Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970).

Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims. Rickels lost and must pay.

 A loser may avoid payment by establishing that his position was substantially justified. Appellate review of a decision that the position was not so justified is deferential, *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), and Rickels does not contend that the district court's conclusion was clearly erroneous. Apparently he believes that "other circumstances make an award of expenses unjust." But the only circumstance to which he points is correspondence received from Evans after the judge's order, correspondence in which Evans informed Rickels (correctly) that he must pay forthwith. Insistence on prompt reimbursement, even if conveyed in an impatient or condescending tone with many words underlined and capitalized, does not remove the justification for the award.

 Evans (now represented by retained counsel) concludes her brief with a request for a remand so that the district court may award sanctions under Fed.R.Civ.P. 11 for what she characterizes as a frivolous appeal. Rule 11 applies, however, only to litigation in the district court. Sanctions for frivolous appeals· are within the domain of Fed. R.App.P. 38.

 Whether this appeal is frivolous matters only if the sum under Rule 37(a)(4)—"the reasonable expenses incurred in opposing the motion, including attorney's fees"—omits expenses incurred in obtaining and defending an award. If the district court had awarded sanctions under Rule 11, then the answer would be "yes." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405–09, 110 S.Ct. 2447, 2460–63, 110 L.Ed.2d 359 (1990), holds that a person sanctioned for filing frivolous papers in the district court need not pay extra for taking an appeal, unless the appeal is independently frivolous and sanctionable under Rule 38. When the district court awards fees to the prevailing party as of course, by contrast, the costs of

defending the award on appeal are added to that award as of course. E.g., *Commissioner of INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). The rationale of fee-*shifting* rules is that the victor should be made whole—should be as well off as if the opponent had respected his legal rights in the first place. This cannot be accomplished if the victor must pay for the appeal out of his own pocket. *Id.* at 163–65, 110 S.Ct. at 2321–23.

Rule 37(a)(4) is a fee-shifting rule. The winner is entitled to fees unless the opponent establishes that his position was "substantially justified." This is the same formulation employed in the Equal Access to Justice Act, the fee-shifting statute in *Jean*. When construing the EAJA, the Court concluded that the victor is entitled to recoup his full outlay, including the fees incurred in seeking fees and defending an award on appeal. The only potential obstacle to treating Rule 37(a)(4) the same way the Supreme Court treated the EAJA in *Jean* is that Rule 37, like the other civil rules, applies only in the district courts. *Cooter & Gell* emphasized this when discussing the relation between Civil Rule 11 and Appellate Rule 38. See 496 U.S. at 406–07, 110 S.Ct. at 2461–62. Yet the Court also emphasized that Rule 11 is not a fee-shifting rule, *id.* at 408, 110 S.Ct. at 2462, implying that fee-shifting rules should be treated differently from rules designed to sanction frivolous positions. That Rule 37(a)(4) "applies" only in the district courts does not establish that its reference to "reasonable expenses incurred in opposing the motion, including attorney's fees," includes only the expenses incurred *prior to* the ruling on the motion. A sore loser who files repeated motions under Rules 59 and 60 in an effort to obtain relief from the award should expect to pay the tab, even though the opponent's expenses of opposing these requests may be distinguished from the expenses of opposing the discovery motion and obtaining the protective order.

 If instead of pestering the victor with motions in the district court, the loser files equivalent documents in the court of appeals, the upshot should be the same. Under Rule

37 the district court makes the final award, so we remand for that purpose. Evans is entitled to the reasonable expenses, including attorneys' fees, incurred in obtaining the protective order and defending her entitlement to this reimbursement. Nothing less will make her whole; anything less would defeat the function of Rule 37(a)(4).

AFFIRMED AND REMANDED.