**PLX, INC., Plaintiff,**

v.

**PROSYSTEMS, INC., James L. Lyons and Patricia Lyons, Defendants.**

**No. CIV.A. 3:03CV32.**

United States District Court, N.D. West Virginia.

March 29, 2004.

Michael R. Gilman, Timothy X. Gibson, Jeffrey I. Kaplan, Kaplan & Gilman, LLP, Woodbridge, NJ, Tammy Mitchell Bittorf, Layva, Bittorf & Santa Barbara, PLLC, Martinsburg, WV, for Plaintiff PLX.

Kenneth N. Hickox, Jr., Alan M. Fisch, Kelly A. Clement, Jason F. Hoffman, J. Jay Guiliano, Jennifer R. Bagosy, Howrey, Simon, Arnold & White, LLP, Washington, DC, Wm. Richard McCune, Jr., Martinsburg, WV, for Defendants Prosystems and the Lyons.

## ORDER AWARDING REASONABLE EXPENSES TO PLAINTIFF PLX, INC. AND ISSUING SANCTIONS AGAINST COUNSEL FOR DEFENDANT LYONS

SEIBERT, United States Magistrate Judge.

## I. Introduction

### A. *Background*

Plaintiff, PLX, Inc. (PLX), filed this complaint on April 15, 2003 in the United States District Court for the Northern District of West Virginia.. PLX alleges that Prosystems Inc. and their owners, James and Patricia Lyons (collectively referred to as Defendants) illegally infringed on two of PLX's patents causing monetary damages to PLX. Certain discovery disputes arose and PLX filed a Motion to Compel against the Lyons and Prosystems on January 14, 2004.[1] The matter was referred to me by the Honorable Irene M. Keeley, Chief District Judge, on January 16, 2004.[2] A hearing on the Motion to Compel was held on February 2, 2004. The Motion to Compel was granted against the Lyons but denied against Prosystems.[3] The Lyons were given an Opportunity to be Heard on March 2, 2004 why reasonable expenses and sanctions should not be awarded to PLX. In addition, PLX was given an Opportunity to be Heard on the same date why reasonable expenses and sanctions should not be awarded in regards to the Motion to Compel filed against Prosystems.

### B. *The Motions*

1. PLX's Motion for Reasonable Expenses and Sanctions[4]

2. Prosystems' Motion for Reasonable Expenses and Sanctions[5]

### C. *Decision*

1. PLX's Motion for Reasonable Expenses and Sanctions is GRANTED as herein set forth because the Lyons intentionally and willfully violated the Fed. R. of Civ. P when responding to PLX's discovery requests.

2. Prosystems' Motion for Reasonable Expenses and Sanctions is DENIED because PLX was substantially justified in filing its Motion to Compel against Prosystems.

## II. Facts

### A. *The Lyons' Responses*

PLX served its Fist Set of Interrogatories and Requests for Production of Documents

---

1. Doc. No. 29.

2. Doc. No. 33.

3. Doc. Nos. 37 and 38.

4. Doc. No. 29.

5. Doc. No. 35.

on the Lyons on December 2, 2003. The Lyons responded to the discovery requests on January 5, 2004. On January 9, 2004 PLX notified counsel for Lyons by e-mail that their responses to Interrogatory No. 1 and Requests for Production of Documents Nos. 1–3 were not adequate and requested supplementation. The Lyons never supplemented their responses. The discovery requests and responses are as follows:

*Interrogatory No. 1*

Identify all relevant prior art and all relevant alleged prior art known to defendants relating to the patents in suit.

*Response:* The Lyons incorporate the above General Objections by reference.

*Request for Production of Documents No. 1*

Produce all of the prior art and alleged prior art in defendants' possession or control, which was identified by defendants in answer to the above Interrogatory No. 1.

*Response:* The Lyons incorporate the above General Objections by reference.

*Request for Production of Documents No. 2*

Produce all documents defendants may rely on to prove its proposed claim construction claim and/or interpretation of any terms, elements, limitations and/or phrases of the claims of the patents in suit, as such claim construction and/or interpretation was provided in defendant Prosystems's answer to Interrogatory No. 3 of the document entitled "Plaintiff's Claim Construction Interrogatories and Document Requests to Defendant Prosystems, Inc.", served on October 31, 2003.

*Response:* The Lyons incorporate the above General Objections by reference.

*Request for Production of Documents No. 3*

Produce all documents relating to the claim construction and/or interpretation of any terms, elements, limitations and/or phrases of the claims of the patents in suit, as such claim construction and/or interpretation was provided in defendants Prosystems' answer to Interrogatory No. 3 of the document entitled "Plaintiff's Claim Construction Interrogatories and Document Requests to Defendant Prosystems, Inc.", served on October 31, 2003.

*Response:* The Lyons incorporate the above General Objections by reference.

At the beginning of their responses, the Lyons listed nine (9) general objections to PLX's discovery requests. The general objections ranged from asserting the attorney-client privilege to arguing that the requests seek non-discoverable expert information to the requested information not being in the custody or control of the Lyons. As shown above, when the Lyons' responded to the individual discovery requests, they failed to state which general objections in particular they felt applied to the specific request. Rather, they simply cited to all nine objections. In addition, the Lyons failed to provide specific reasons for their objections in their responses to the specific requests.

On February 3, 2004, this Court granted PLX's Motion to Compel and ordered the Lyons to fully respond to the above discovery requests on or before February 24, 2004. The Court explained that the Lyons' responses were expressly prohibited by the Fed. R.Civ.P. A "party resisting discovery must show specifically how ... each interrogatory is oppressive." *Josephs v. Harris Corp.,* 677 F.2d 985, 991–992 (3rd Cir.1982). The "mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." *Momah v. Albert Einstein Medical Center,* 164 F.R.D. 412, 417 (E.D.Pa.1996) (quoting *Josephs,* 677 F.2d at 992). The Court explained that the Lyons must state specific reasons for their objections to the discovery requests. Incorporation by reference to a list of general objections does not satisfy the requirement that each response contain a specific objection. Lastly, the Court stated that case law clearly holds that general objections, not accompanied by specific explanations, are ineffective and result in a waiver. *White v. Beloginis,* 53 F.R.D. 480, 481 (S.D.N.Y.1971).

**B.** *Prosystems' Responses*

PLX served its First Set of Requests for Production of Documents on Prosystems on October 31, 2003. Prosystems responded to the discovery requests on December 3, 2003.

On January 9, 2004 PLX notified counsel for Prosystems by e-mail that their responses to Request for Production of Documents Nos. 1–3 were not adequate and requested supplementation. Prosystems never supplemented its responses. The discovery requests and responses are as follows:

*Request for Production of Documents No. 1*

Produce a representative specimen of each and every of defendant's retroreflector assemblies made in, imported into, used in, sold in and/or offered for sale in, the United States, whether individually or as part of another assembly, since defendant commenced doing business.

*Response:* Prosystems incorporates the above General Objections by reference. Prosystems further objects to Request No. 1 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Prosystems further objects to Request No. 1 on the basis that it is premature in light of the Court's order that the parties commence and complete claim construction discovery and all claim construction proceedings prior to engaging in general purpose discovery. Prosystems will produce documents responsive to Requests No. 1 within 30 days after the commencement of general purpose discovery.

*Request for Production of Documents No. 2*

For each of the specimens produced in response to Request 1, produce any cut sheets, specification sheets, sales/marketing sheets or other promotional pieces, including but not limited to any such information from defendant's website, used by defendant to assist defendant in its sales of the item and/or in defendant's solicitation of sales for the item.

*Response:* Prosystems incorporates the above General Objections by reference. Prosystems further objects to Request No. 2 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Prosystems further objects to Request No. 2 on the basis that it is premature in light of the Court's order that the parties commence and complete claim construction discovery and all claim construction proceedings prior to engaging in general purpose discovery. Prosystems will produce documents responsive to Requests No. 1 within 30 days after the commencement of general purpose discovery.

*Request for Production of Documents No. 3*

For each of the specimens produced in response to Request 1, produce a representative sample of any packaging, including package inserts, used by defendant in shipping such items to customers, but only if such packaging contains any descriptive or instructional or technical information about the item being shipped therein.

*Response:* Prosystems incorporates the above General Objections by reference. Prosystems further objects to Request No. 3 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Prosystems further objects to Request No. 3 on the basis that it is premature in light of the Court's order that the parties commence and complete claim construction discovery and all claim construction proceedings prior to engaging in general purpose discovery. Prosystems will produce documents responsive to Requests No. 1 within 30 days after the commencement of general purpose discovery.

On February 6, 2004, the Court denied PLX's Motion to Compel the above responses from Prosystems. The Court again explained that Prosystems' responses were in express violation of the Fed.R.Civ.P. It was only after Prosystems provided an impermissible, general objection to the requests that it correctly followed the Fed. R. of Civ. P. and stated with specificity its reasons for objecting. Although a general objection usually waives the right to object and requires a party to fully respond, the Court chose to take into account Prosystems' specific objections and decided the Motion to Compel on its merits.

Since Prosystems stated in its objections that it will produce the documents during the second phase of discovery, the issue the court had to decide was not whether Prosystems is required to produce the documents, but during what phase of discovery Prosystems is required to do so. PLX maintained that the documents it requested should be produced

during the claim construction phase of discovery and it should not have to wait until the second phase of discovery which focuses on infringement issues. Specifically, PLX argued that without the requested documents, it would be unable to fully identify all of the patent claims which are allegedly infringed by Prosystems and it would be unable to tell whether additional patents owned by PLX are infringed by Prosystems. In addition, PLX argued that the requested documents might also be of value to the court as extrinsic evidence of a claim term meaning, should it ultimately be determined that such extrinsic evidence is needed in this action. Prosystems contended that the type of material and information relevant during claim construction discovery is extremely narrow and does not include producing its products. The Court explained that case law holds an accused device does not come into play until the infringement phase of discovery. *See SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed.Cir.1985) (holding "[i]t is only after the claims have been construed without reference to the accused device that the claims, as so construed, are applied to the accused device to determine infringement") Therefore, the Court ruled that Prosystem's products are not relevant to the claims construction phase of discovery and are only required to be distributed at the patent infringement phase of discovery. The Court then denied PLX's Motion to Compel responses from Prosystems.

### III. Applicable Law

#### A. *Reasonable Expenses*

Fed.R.Civ.P. 37(a)(4)(A) addresses the remedies available when a party successfully brings a motion to compel the production of discovery. The Rule states:

If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed

without the movant's first making a good faith effort to obtain the disclosure or discovery, without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

A court is required to award reasonable expenses, including attorney's fees, against the party required to produce discovery unless that party can demonstrate that it was "substantially justified" in withholding the requested information or an award of expenses would be unjust. *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir.1994) (stating that Rule 34(a)(4) is a "fee shifting rule. The winner is entitled to fees unless the opponent establishes that his position was 'substantially justified' "); *Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 157 (D.N.J.1999) (holding "Rule 37(a)(4) grants the Court authority to impose sanctions against a party who is compelled to make disclosures as a result of the motion"). When a motion to compel is granted, the burden is on the opposing party to show that an award of costs would be unjust or that the opposing party's position was substantially justified. *Rickels*, 33 F.3d at 787.

The Supreme Court, in interpreting the meaning of "substantially justified" in connection with the Equal Access to Justice Act, found the phrase to mean " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). An individual's conduct is found to be "substantially justified" if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Id.* at 565, 108 S.Ct. 2541; *see also Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d* § 2288 (1994) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule."). There is no requirement that the court find that counsel acted in bad faith. *Alexander v. Interim Legal Servs., Inc.*, 1997 WL 732432,

*1 (D.D.C. Nov.6, 1997) (citing *Devaney v. Continental Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir.1993)).

Concerning rates charged by attorneys in calculating attorney's fees, our Court of Appeals has held that "the community in which the court sits is the appropriate starting point for selecting the proper rate." *National Wildlife Foundation v. Hanson*, 859 F.2d 313, 317 (4th Cir.1988). However, "the complexity and specialized nature of a case may mean that no attorney, with the required skills, is available locally." *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768 (7th Cir. 1982). The *Chrapliwy* court identified two questions to be asked when determining whether an exception to the general rule should be granted: are services of like quality truly available in the locality where the services are rendered; and did the party choosing the attorney from elsewhere act reasonably in making that choice?" 670 F.2d at 769 (questions cited with approval by the Fourth Circuit in *National Wildlife Foundation*, 859 F.2d at 317).

B. *Sanctions*

A court has the authority to impose sanctions for discovery abuses under Fed. R.Civ.P. 26. Section (g)(2) of the rule provides in part:

Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record ... The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry ... is (1) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

If a certification is made in violation of this rule, the court, upon motion or on its own volition, shall impose upon the person who made the certification, the party on whose behalf the response is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred due to the violation. Fed. R.Civ.P. 26(g)(3). The Advisory Committee Notes for Rule 26 explain further the duty imposed by the Rule's provisions:

Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. The subdivision provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection. The term "response" includes answers to interrogatories and to requests to admit as well as responses to production requests.

Fed.R.Civ.P. 26(g) Advisory Committee Notes to 1983 Amendment. The Rule permits the Court to impose sanctions on the signer of a discovery response when the signing of the response is incomplete or objectively unreasonable under the circumstances. *Poole v. Textron, Inc.*, 192 F.R.D. 494, 498 (D.Md.2000); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir. 1997) (stating that the signature certifies that the filing conforms to the discovery rules, is made for a proper purpose, and does not impose undue burdens on the opposing party); *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir.1993) (upholding Rule 26(g) sanctions for a "pattern of conduct" that consisted of meritless objections to discovery requests and partial answers that were evasive and misleading).

Rule 26(g) explicitly permits a court to require one who violates the rule to pay the opposing party's attorney's fees and costs. "Such an order is not, however, the only possible sanction." *Malautea v. Suzuki Motor Corp.*, 148 F.R.D. 362, 372 (S.D.Ga.1991),

*aff'd,* 987 F.2d 1536 (11th Cir.1993) "By its language, Rule 26(g)(3) does not limit a court to the award of expenses only, but gives the Court latitude to fashion an 'appropriate sanction,' in addition to an award of expenses." *Poole,* 192 F.R.D. at 498. The Advisory Committee's notes indicate that the "nature of sanctions is a matter of judicial discretion to be exercised in light of the particular circumstances." Fed.R.Civ.P. 26(g) Advisory Committee Notes to 1980 Amendment.

In addition, "every court has inherent power to sanction attorneys and litigants if necessary to manage the court's affairs." *Malautea,* 148 F.R.D. at 370; *see also In re Howe,* 800 F.2d 1251, 1252 (4th Cir.1986) (stating "a federal district court has the inherent power to impose monetary sanctions on attorneys who fail to comply with discovery orders"). Even absent explicit legislative enactment, "deeply rooted in the common law tradition is the power of any court to manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." *Carlucci v. Piper Aircraft Corp.,* 775 F.2d 1440, 1447 (11th Cir.1985). This inherent power permits a court to sanction litigants themselves. *Id.* at 1446. However, this inherent power "must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). The inherent powers of the federal courts are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

## IV. Discussion

### A. *Reasonable Costs Awarded to PLX*

Counsel for Lyons argues that he should not be required to pay reasonable costs or sanctions because the Lyons' objections to PLX's discovery requests were substantially justified. Specifically, he cites to *U.S. v. Dentsply Int'l, Inc.,* 2000 WL 654286, 2000 U.S. Dist. LEXIS 6925 (D.Del. May 10, 2000) for the proposition that a party is permitted to cite to general objections incorporated by

reference when responding to interrogatories. In *Dentsply,* the defendant listed eleven (11) general objections to plaintiff's requests for production of documents prior to responding to each request in particular. Dentsply then prefaced each of its responses with "Dentsply incorporates its General Objections herein by reference." Dentsply followed up this general objection with an additional objection specific to the request. However, Dentsply never detailed in its response which of the eleven general objections it was specifically claiming applied to each request. The United States District Court for the District of Delaware held that Dentsply did not waive its objections by incorporating by reference the general objections into its specific objections. *Id.,* 2000 WL 654286 at *2 n. 4, 2000 U.S. Dist. LEXIS 6925 at *7 n. 4. The Delaware court found Dentsply's general objections were "sufficient assertions" of a more specific objection. *Id.*

While the *Dentsply* Court permitted the defendant to incorporate a list of general objections by reference, the overwhelming majority of courts require a party to state with specificity its reasons for objecting to a discovery request. *See Starlight Intl., Inc. v. Herlihy,* 181 F.R.D. 494, 497 (D.Kan.1998) (stating "[t]he court has disapproved the practice of asserting a general objection to the extent it may apply to particular requests for discovery"); *Cotracom Commodity Trading Co. v. Seaboard Corp.,* 1998 WL 231135, *1, 1998 U.S. Dist. LEXIS 6726, *5 (D.Kan. May 6, 1998) (explaining "[g]eneral objections are worthless for anything beyond delay of the discovery"); *Momah v. Albert Einstein Medical Center,* 164 F.R.D. 412, 417 (E.D.Pa.1996) (holding that "mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice") (quoting *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982)); *In re Folding Carton, Antitrust Litigation,* 83 F.R.D. 260, 264 (N.D.Ill.1979) (holding "[o]bjections to interrogatories must be specific and be supported by a detailed explanation why the interrogatories are improper"); *Wolf v. United Air Lines,* 9 F.R.D.

271, 273 (M.D.Pa.1949) (stating "[g]eneral objections to interrogatories are improper and without merit").

■■■ Rule 37(a)(4)(A) requires a court to grant reasonable expenses to the party successful in bringing a motion to compel unless the opposing party's nondisclosure was "substantially justified." The Supreme Court, in interpreting the meaning of "substantially justified" in connection with the Equal Access to Justice Act, found the phrase to mean " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 566, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). An individual's conduct is found to be "substantially justified" if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Id.* at 565, 108 S.Ct. 2541. In the instant case, counsel for the Lyons' objections to PLX's discovery requests were not substantially justified. Counsel was given three separate opportunities to present cases supporting his assertion that it is permissible to file general objections to discovery requests. He was first given the opportunity to respond to PLX's Motion to Compel. He was then given an Opportunity to Heard on March 2, 2004 as to why reasonable expenses should not be granted. Lastly, the Court granted both parties the opportunity to submit a list of cases they believe should be brought to the Court's attention.[6] On all three occasions, counsel for Lyons relied only on the *Dentsply* case to support his proposition. When asked by the Court during the Opportunity to be Heard whether he is aware of any other federal case in the United States with the same holding as *Dentsply,* counsel for Lyons stated, "I don't sitting here today." (3/2/04 hearing, Tr. 11). While this Court acknowledges that *Dentsply* permits a party to cite to general objections when answering discovery requests, counsel for Lyons was not substantially justified in doing so. When a motion to compel is granted, the burden is on the opposing party to show that an award of costs would be unjust or that the opposing party's position was substantially justified. *Rickels v. City of South Bend,* 33 F.3d 785, 787 (7th Cir.1994). Counsel for Lyons has not met the burden of substantial justification by citing to only one case in the entire Untied States to support his position. Therefore, PLX is entitled to receive its reasonable expenses in bringing the motion to compel because counsel for Lyons was not substantially justified in withholding the requested discovery.

In its affidavit of reasonable expenses, counsel for PLX stated that it spent 41.15 hours to bring its Motion to Compel against both Defendants totaling $12,136.25. In addition, PLX stated it incurred $689.20 in costs. Lastly, PLX stated it incurred attorney's fees for its local counsel in the amount of $955.00.[7] In adding the above figures, PLX stated it incurred a total cost of $13,780.45 in bringing its Motion to Compel against both Defendants.

■■■ During the Opportunity to be Heard, counsel for Lyons argued that if the court decides to award PLX reasonable expenses, the rate to be charged for attorney's fees should be the prevailing rate in the forum and not counsel for PLX's rate of $295.00 per hour.[8] Our Court of Appeals has held that "the community in which the court sits is the appropriate starting point for selecting the proper rate." *National Wildlife Foundation v. Hanson,* 859 F.2d 313, 317 (4th Cir.1988). However, "the complexity and specialized nature of a case may mean that no attorney, with the required skills, is available locally." *Chrapliwy v. Uniroyal, Inc.,* 670 F.2d 760, 768 (7th Cir.1982). The *Chrapliwy* court identified two questions to be asked when determining whether an exception to the general rule should be granted: are services of like quality truly available in the locality

---

6. Doc. No. 40.

7. L.R. Civ. P. 83.02 requires visiting attorneys to have a local attorney be responsible for their actions in accordance with Rule 8.0(c) of the *Rules for Admission to Practice* adopted by the Supreme Court of Appeals of West Virginia.

8. Counsel for PLX is located in Woodbridge, New Jersey, a township in the Northern New Jersey/New York City metropolitan area.

where the services are rendered; and did the party choosing the attorney from elsewhere act reasonably in making that choice?" 670 F.2d at 769 (questions cited with approval by the Fourth Circuit in *National Wildlife Foundation,* 859 F.2d at 317).

Counsel for PLX contends that it has met the conditions outlined in *Chrapliwy.* Concerning the first question, counsel for PLX states that it located two law firms that practice intellectual property law in Martinsburg, West Virginia. Those firms charge an average of $200.00 per hour. Accordingly, counsel for PLX contends that these rates are closer to its rate of $295.00 per hour than the prevailing rate in the Northern District of $150.00 per hour. This Court does not agree with counsel for PLX's argument and will only award its client attorney's fees at the rate of $200.00 per hour, in accordance with the rate charged by intellectual property law firms practicing in Martinsburg, West Virginia.

In addition, counsel for PLX explained in its affidavit of expenses that when performing work on the motion, it did not distinguish between the parts of the paper directed to the Lyons' and their co-defendant, Prosystems. In order to rectify this problem, counsel for PLX proposed reducing the total costs by one third (1/3). Counsel rationalized that there are three defendants (James Lyons, Patricia Lyons, and Prosystems). Since it is entitled to receive reasonable expenses from two of the defendants (James and Patricia Lyons), but not Prosystems, counsel argues it would be appropriate to reduce the total expenses by one-third. While there are technically three defendants, James and Patricia Lyons are one married unit with no additional work required to be done for each individually. Therefore, this Court will reduce the total expenses in half.

In calculating the reasonable expenses owed to PLX from counsel for Lyons, this court will award $4115.00 (41.15 hours (x) $200.00 (/) 2) in attorney's fees plus $822.10 ($1644.20 (/) 2) in costs for a total of $4,937.10.

**B.** *Reasonable Costs Awarded to Prosystems*

██ Unlike counsel for Lyons, counsel for PLX was substantially justified in withholding the Defendants' requested discovery. Counsel for PLX made a good faith argument that without receiving Prosystems' products, he would be unable to fully identify all of the claims of the patents in suit that he believes are infringed. In addition, counsel for PLX argued that the requested documents might be useful to the Court as extrinsic evidence of claim term meaning, should it ultimately be determined that such extrinsic evidence is needed in the action. While the Court denied PLX's Motion to Compel responses from Prosystems, counsel for PLX made a good faith argument that Prosystems should be required to produce its products at the current time and not wait until the patent infringement phase of discovery. Therefore, Prosystems is not entitled to receive reasonable expenses from counsel for PLX because counsel for PLX was substantially justified in bringing its Motion to Compel.

**C.** *Sanctions Against Counsel for Lyons*

██ Since this Court has ordered counsel for Lyons to pay reasonable expenses to PLX, it will now examine whether counsel for Lyons should also be sanctioned for unjustifiably withholding the requested discovery. As discussed *supra,* Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. The Rule permits the Court to impose sanctions on the signer of a discovery response when the signing of the response is incomplete or objectively unreasonable under the circumstances. *Poole v. Textron, Inc.,* 192 F.R.D. 494, 498 (D.Md.2000); *see also Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1372 (11th Cir.1997) (stating that the signature certifies that the filing conforms to the discovery rules, is made for a proper purpose, and does not impose undue burdens on the opposing party); *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1545 (11th Cir.1993) (upholding Rule 26(g) sanctions for a "pattern of conduct" that consisted of meritless objections to discovery requests and

partial answers that were evasive and misleading).

In the instant case, counsel for Lyons' responses to PLX's discovery requests were in express violation of the Fed. R. of Civ. P. His actions have caused not only unnecessary delay and increased the cost of litigation for the parties, but also has increased the burden on this Court. *See Malautea*, 148 F.R.D. at 376 (finding sanctions appropriate because of defendants' continuing refusal to cooperate in discovery). Counsel for Lyons was given three separate opportunities to present to this Court case law supporting his assertion that a party is permitted to answer discovery requests with general objections. On all three occasions, counsel has only relied on only one case.

During the evidentiary hearing, both sides were advised to read *Biovail Corp. v. Mylan Labs., Inc.*, 217 F.R.D. 380 (N.D.W.Va.2003), an opinion penned by the undersigned in May 2003. The facts in *Biovail* are similar to the instant case. Like counsel for Lyons, counsel for Biovail improperly responded to discovery requests with general objections. However, during the Opportunity to be Heard, counsel for Biovail was contrite and acknowledged that his responses were in violation of the Fed. R. of Civ. P. In the instant case, counsel for Lyons did not admit that he violated the federal rules and continued to express his belief that the *Dentsply* case permitted his responses. Coupled with the fact that counsel has extensive experience practicing in the federal courts, this Court finds it appropriate to sanction counsel for Lyons. Without monetary punishment, counsel for Lyons impermissible activity with unfortunately occur again.

Counsel for Lyons intentionally and willfully violated the Fed. R. of Civ. P. If this conduct is permitted without sanction, it will destroy all discovery in civil cases. The 1993 Amendments to the Fed. R. of Civ. P. were adopted to prevent this gamesmanship. Every other counsel in every other case who has filed general objections has acknowledged at the Opportunity to be Heard that general objections are inappropriate. And in all such cases no sanctions were ordered. The Lyons' intelligent, experienced, and skillful counsel insists he is permitted to do what he did notwithstanding the lack of case law to support his position. Therefore, counsel for Lyons is ordered to pay $500.00 to the Clerk of the Court.

## V. Decision

It is ORDERED that:

(1) James L. and Patricia Lyons and its counsel shall pay PLX, Inc. $ 4,937.10 in reasonable costs within thirty (30) days of receiving this Order.

(2) Counsel for James L. and Patricia Lyons shall pay to the Clerk, United States District Court for the Northern District of West Virginia $500.00 within thirty (30) days of receiving this Order.

Filing of objections does not stay this Order.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.