In the Matter of: BROWN & BROWN, INCORPORATED, a Florida Corporation, Petitioner.

No. 04–2714.

United States Court of Appeals, Seventh Circuit.

Aug. 19, 2004.

Frederick L. Schwartz, Littler Mendelson, Chicago, IL, for Petitioner.

Michael J. Merrick, Penny Nathan Kahan & Associates, Chicago, IL, for Party-in-Interest.

Before BAUER, EASTERBROOK, and MANION, Circuit Judges.

## Order

Ordered by the district court to hand over (as part of discovery in pending litigation) documents that it considers to be trade secrets, Brown & Brown, Inc., filed a petition for mandamus. Before we could render a decision, it produced the documents. Plaintiff contends that disclosure moots the issue and that sanctions are appropriate because the petition was frivolous from the outset. Brown & Brown contends that the dispute remains alive and that sanctions are unwarranted.

Although the dispute may not be moot in the technical sense—for we could order plaintiff to return the original documents and destroy all copies—this sequence of events shows that Brown & Brown is trying to have things both ways. Normally the right means to secure review of a discovery order is to disobey, suffer the consequences under Fed.R.Civ.P. 37(b)(2), and then appeal from the final decision if the district court's resolution affects the final judgment. If, for example, the district court deems certain facts admitted, see Rule 37(b)(2)(A), and this affects the outcome, the discovery dispute can be resolved on appeal at the end of the case; but if the party opposing discovery prevails, or the Rule 37(b) order does not matter to the outcome, it will never be necessary to resolve the discovery dispute on appeal.

Brown & Brown wants interlocutory resolution of the dispute without taking even the slightest risk of adverse decision under Rule 37(b). What else could explain the turnover of the materials while a request for mandamus is pending? Brown & Brown does not explain why the normal means of preserving the issue for resolution on appeal from final judgment is inadequate. Doubtless this puts the protesting litigant to a tough choice; it may have to stake the outcome of the case on its confidence in its position about discovery. But

this risk holds down on the number of festering discovery disputes, a substantial benefit to the adjudicatory system. Brown & Brown wants the benefits of appellate review without taking the risk normal to review of contested discovery orders. We are not disposed to accommodate this maneuver. Thus the petition for mandamus is denied. See *Powers v. Chicago Transit Authority,* 846 F.2d 1139 (7th Cir.1988).

As for plaintiff's request for sanctions: this is denied as unnecessary. Rule 37(a)(4) entitles plaintiff to recover the full costs (including legal fees) entailed in overcoming Brown & Brown's resistance to discovery. Because Rule 37(a)(4) is a fee-shifting provision rather than a sanctions rule, these costs and fees automatically include outlays needed to defend one's victory in the court of appeals. See *Rickels v. South Bend,* 33 F.3d 785 (7th Cir.1994). When the district court makes the award required by Rule 37(a)(4), it should include the expenses and legal fees that plaintiff has been forced to incur in this court.