**John L. BURKETT, Jr., Administrator of the ESTATE OF John L. BURKETT, III, Deceased, Plaintiff,**

v.

**AIG CLAIM SERVICES, INC., National Union Fire Insurance Company of Pittsburgh, Pennsylvania, and Keith Turner, Defendants.**

Civ.A. No. 3:03–CV–1.

United States District Court, N.D. West Virginia.

May 3, 2005.

---

James N. Riley, Rebecca L. Donnellan, McNeer, Highland, McMunn & Varner, LC, Clarksburg, WV, Robert W. Trumble, McNeer, Highland, McMunn & Varner, LC, Martinsburg, WV, for Plaintiff.

Clifford F. Kinney, Jr., Don C.A. Parker, Laura E. Hayes, Spilman Thomas & Battle, PLLC, Charleston, WV, for Defendants.

### MEMORANDUM, OPINION, and ORDER GRANTING DEFENDANT REASONABLE EXPENSES

SEIBERT, United States Magistrate Judge.

On April 28, 2005 came Plaintiff, John L. Burkett, Jr., by Rebecca L. Donnellan by telephone, and Defendant AIG Claim Services, Inc., by Clifford F. Kinney, Jr. by telephone, for Plaintiff's opportunity to be heard regarding reasonable expenses. Testimony was not taken, and no other evidence was introduced.

## I. Introduction

The parties engaged in discovery and a dispute arose. The Defendants filed a Motion to Compel Discovery on March 14, 2005. The matter was referred to me by the Honorable W. Craig Broadwater on March 15, 2005. On March 28, 2005 Plaintiff filed his memorandum in opposition to Defendants' Motion to Compel. On April 1, 2005 Defendant filed its Reply to Plaintiff's opposition to Motion to Compel. A hearing on the Motion to Compel was held on April 6, 2005. Defendant's Motion to Compel was granted on April 7, 2005.[1] Defendant filed his Affidavit of costs and expenses on April 13, 2005.[2] On April 28, 2005 Plaintiff was given an opportunity to be heard as to why reasonable expenses should not be awarded under prevailing Federal Law.

### A. The Standards

■ *1). Discovery—Sanctions—Rule 37(a)—Successfully Bring a Motion to Compel.* Fed.R.Civ.P. 37(a)(4)(A) addresses the remedies available when a party successfully brings a motion to compel the production of discovery. The Rule states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery, without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

A court is required to award reasonable expenses, including attorney's fees, against the party being required to produce discovery unless that party can demonstrate that it was "substantially justified" in withholding the requested information. *See Rickels v. City of*

*South Bend,* 33 F.3d 785, 787 (7th Cir.1994) (stating that Rule 34(a)(4) is a "fee shifting rule. The winner is entitled to fees unless the opponent establishes that his position was 'substantially justified' "); *Cannon v. Cherry Hill Toyota, Inc.,* 190 F.R.D. 147, 157 (D.N.J.1999) (holding "Rule 37(a)(4) grants the Court authority to impose sanctions against a party who is compelled to make disclosures as a result of the motion"). When a motion to compel is granted, the burden is on the opposing party to show that an award of costs would be unjust or that the opposing party's position was substantially justified. *Rickels,* 33 F.3d at 787.

■ *2). Discovery—Sanctions—Rule 37(a)—Successfully Bring a Motion to Compel—Substantially Justified.* The Supreme Court, in interpreting the meaning of "substantially justified" in connection with the Equal Access to Justice Act, found the phrase to mean " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." 487 U.S. 552, 566, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). An individual's conduct is found to be "substantially justified" if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Id.* at 565, 108 S.Ct. 2541; *see also Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2288* (1994) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.").

*3). Discovery—Sanctions—Rule 37(a)—Successfully Bring a Motion to Compel—Reasonable Costs.* Concerning rates charged by attorneys in calculating attorney's fees, our Court of Appeals has held that "the community in which the court sits is the appropriate starting point for selecting the proper rate." *Nat'l Wildlife Federation v. Hanson,* 859 F.2d 313, 317 (4th Cir.1988).

### B. Discussion

#### 1. Substantially Justified

If a Motion to Compel is granted "the court shall, after affording an opportunity to

---

**1.** Docket No. 87.

**2.** Docket No. 88.

be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that ... objection was substantially justified...." Fed.R.Civ.P. 37(a)(4)(A). Defendant's Motion to compel was granted on April 7, 2005.[3] Plaintiff was afforded an opportunity to be heard on April 28, 2005.

A court is required to award reasonable expenses, including attorney's fees, against the party being required to produce discovery unless that party can demonstrate that it was "substantially justified" in withholding the requested information. *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir.1994). When a motion to compel is granted, the burden is on the opposing party to show that an award of costs would be unjust or that the opposing party's position was substantially justified. *Rickels*, 33 F.3d at 787. The Supreme Court, in interpreting the meaning of "substantially justified" in connection with the Equal Access to Justice Act, found the phrase to mean " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." 487 U.S. 552, 566, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). An individual's conduct is found to be "substantially justified" if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Id.* at 565, 108 S.Ct. 2541. *See also Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d* § 2288 (1994) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.").

▮▮▮ Plaintiff was not substantially justified in objecting to respond to Defendant's Interrogatories. Specifically, as discussed in the April 7, 2005 Order, the information requested by Defendant goes to a specific element of damages as provided in *Hayseeds v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W.Va.1986) and its progeny. Also, as dis-

cussed in the April 7, 2005 Order, Federal law is clear that just because the other party may have the information does not relieve the person who receives the Interrogatory from responding. *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303 (E.D.Pa.1996). "Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories. *See* Fed. R. Cir. P. 33(b)(1) (party must answer each interrogatory 'fully'). If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' *Milner v. National School of Health Tech.*, 73 F.R.D. 628, 632 (E.D.Pa.1977)." *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D.Pa.1996). "As to much of the other information they refused to provide in their response to interrogatory 6, the plaintiffs do not deny the possess it or claim that it would be unreasonable to produce it, but simply respond that it is contained either in Shell's or the favored buyers' records. A party must either answer the interrogatory, object to it, state that it does not possess the information and detail the efforts made to obtain it, or, if the burden of discovering the information is substantially the same for both the requestor and the requested, specify which of the requested's business records contain responsive information. *See* Fed.R.Civ.P. 33(d)."

## 2. Attorney's Fees

Concerning rates charged by attorneys in calculating attorney's fees, our Court of Appeals has held that "the community in which the court sits is the appropriate starting point for selecting the proper rate." *Nat'l Wildlife Federation v. Hanson*, 859 F.2d 313, 317 (4th Cir.1988).

▮▮▮ Defendant's attorney attests that he spent 34 hours filing and prosecuting Defendant's Motion to Compel at an hourly rate of $190. Defendant's attorney requests attorney's fees in the amount of $6,460. Plaintiff's attorney asserts that the attorney's fees re-

3. Docket No. 87.

quested by Defendant's attorney are too high.

There was no proof of the prevailing rate of attorney's fees in the jurisdiction for discovery disputes. Mr. Kinney Jr., calculated the rate he thought appropriate. In the absence of any evidence of the prevailing rates for discovery disputes in this jurisdiction, I find $180 per hour to be appropriate for this kind of work in 2005. Also, Mr. Kinney Jr., stated that he spent 34 hours working on Defendant's Motion to Compel. The undersigned finds that 17 hours is an ample amount of time to spend on this kind of Motion to Compel. This was not a complicated discovery issue and could have been done more expeditiously. Therefore, Defendant is Awarded $3,060 in attorney's fees.

*IV. Decision*

Based on the foregoing, Defendant is Awarded $3,060 in attorney's fees because Plaintiff was not substantially justified in objecting to Defendant's interrogatories. Plaintiff, Plaintiff's counsel, and Plaintiff's counsel's law firm shall pay Defendant $3060.00 within thirty (30) days of the date of this Order.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be filed with the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to counsel of record.