Caroline PEARCE, Plaintiff,

v.

CLUB MED SALES, INC.,
et al., Defendants.

Civil No. 96–2114 OEW.

United States District Court,
N.D. California.

April 16, 1997.

**408**

Mark J. Helmueller, Cristina M. Marko, Johns, Helmueller & Christensen, P.C., San Rafael, CA, for plaintiff.

Thomas M. Downey, Larson & Burnham, Oakland, CA, for defendants.

### ORDER RE DISCOVERY AND SANCTIONS

WOODRUFF, United States Magistrate Judge.

### INTRODUCTION

Defendants' motion to compel deposition testimony and the parties' cross-motions for sanctions came on for hearing April 16, 1997. Counsel of record for the parties appeared. The matter having been considered and good cause appearing,

IT IS HEREBY ORDERED that Defendants' motions to compel deposition testimony and for sanctions are DENIED, and that plaintiff's motion for sanctions is GRANTED, in the amount of $1,500.

### FACTUAL BACKGROUND

On or about May 23, 1995, Plaintiff Caroline Pearce purchased a vacation package from Club Med Sales, Inc. ("CMSI") for a trip to a Club Med resort village in Ixtapa, Mexico. While on her vacation, Plaintiff alleges that she sustained food poisoning as a result of consuming food that was unfit for human consumption (specifically, she contracted amoebic dysentery). Her abdominal symptoms were severe enough to require surgery, and she had a portion of her colon and her appendix removed on June 20, 1995. (Ex. I to Helmueller Declaration in Opposition, Pearce Depo. 164:24–25; Ex. E to Downey Declaration, Response to Interrogatory No. 1). She claims damages of approximately $28,000, mostly for medical expenses. (M., Response to Interrogatory No. 15).

### PROCEDURAL BACKGROUND

This lawsuit was filed on April 22, 1996 in San Francisco Superior Court. Defendants then removed this action to Federal Court on June 7, 1996. The court dismissed Plaintiff's claim for breach of fiduciary duty by Defendants on September 12, 1996.

### MOTION TO COMPEL DEPOSITION TESTIMONY

Defendants move for an order compelling Plaintiff to respond to deposition questions.

At her deposition, Plaintiff's counsel objected, and instructed her not to answer questions concerning her sexual activity with her husband:

MR. HELMUELLER: Anything with regard to the intimacy of your marital relationship with your husband is not fair game for this litigation, so you don't need

to answer any questions or provide any information with respect to that.

(Ex. A to Helmueller Declaration in Opposition to Motion Pearce Depo. 41:1–6).

MR. FORD: Let me get this straight. You are going to instruct your client to answer no questions concerning her sexual practices, her knowledge of her husband's sexual practices leading up to and including the time she was at the Club Med resort; is that correct?

MR. HELMUELLER: That's correct. I don't believe you have established to my satisfaction the necessity and relevance of your examination on these issues as compared to the intrusiveness of the examination into an area that has been traditionally recognized by the courts to be an area protected from such intrusion . . .

(Pearce Depo. 161:6—162:2).

Defendants offer as foundation for their line of inquiry the deposition of Plaintiff's treating physician, Lory Wiviott, M.D.:

Q. How is it [amoebiasis or amoebic dysentery] contracted?

A. Fecal-oral: apologies for the term.

Q. It has to be ingested in some manner, correct?

A. For the most part, yes.

Q. Is there any other way it can be contracted other than through ingestion?

A. As has been alluded to. there is what may, in some respects. be a different epidemiology in homosexual men. which is related to sexual practices. And I, for one, am not certain whether that precludes a fecal-oral transmission or whether other sexual behaviors could transmit it this way. That's why I said "largely" a minute ago.

(Ex. F to Downey Declaration in Support of Motion Wiviott Depo. 2S:22–29:10).

Defendants contend that their questions regarding the sexual practices of Plaintiff and her husband are justified because they are relevant to a possible alternative source of infection, other than the food and drink provided by Defendants at their resort in Ixtapa. They characterize their inquiry as covering "personal hygiene. including sexual practices," but asked no questions at Plain-

tiff's deposition regarding such personal hygiene as hand-washing, for example.

Plaintiff objected at the deposition to questions regarding her sexual activity on grounds of the marital communication privilege. In her opposition to Defendants' motion to compel, she objects on the basis of the right of privacy of Plaintiff and of her husband, who is not a party to this action.

Defendants argue that the fact of certain sexual acts between Plaintiff and her husband is not a communication subject to the marital communication privilege.

Defendants also argue that Plaintiff has waived any privilege under a right of privacy by not raising that specific objection at the time of her deposition.

Defendants also offer a confidentiality order as protection for Plaintiff's privacy.

## LEGAL ANALYSIS

### Applicable Law

In diversity cases, privileges are determined under applicable state law. Fed. R. Evid. 501; see, *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona,* 881 F.2d 1486 (9th Cir.1989). Defendants removed this case to federal court on the grounds of diversity of citizenship. Consequently, state privilege law applies.

### Marital Communication Privilege

■ California Evidence Code § 980 states in pertinent part:

[A] spouse . . ., whether or not a party, has a privilege under the marital relationship and afterwards to refuse to disclose. and to prevent another from disclosing, a communication if he claims the privilege and the communication was made in confidence between him and the other spouse while they were husband and wife.

The fact of communicating, as opposed to the substance of the communication, is not privileged. Thus, the fact that sex acts were performed is probably not a privileged communication. *Rubio v. Superior Court (Hyatt S.)* (1988) 202 Cal.App.3d 1343, 1348, 249 Cal.Rptr. 419 (citations omitted) (holding

that court must conduct in camera review of videotape showing sex acts which couple had kept confidential to determine if constitutional right of privacy outweighed criminal defendant's right to confront and cross-examine his accusers.) *Id.* at 1349, 249 Cal.Rptr. 419.

In this case, the fact that Plaintiff and her husband engaged in certain sexual activity is probably not subject to the marital communication privilege, since the fact of a communication is not privileged, only the substance of the communication. For example, a videotape of the Plaintiff and her husband would be a privileged communication, but Plaintiff's verbal confirmation that acts took place would not.

### Right of Privacy

A right to privacy exists in California as set forth in Article I, Section I of the California Constitution:

All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursuing and obtaining safety, happiness, and privacy.

■ Discovery orders are "state-compelled disclosure" and therefore the privacy rights protected by the California Constitution are equally applied to purely private litigation. *Britt v. Superior Court of San Diego County* (1978) 20 Cal.3d 844, 856, fn. 3, 143 Cal.Rptr. 695, 574 P.2d 766 (right of privacy may be invoked by a litigant as justification for a refusal to answer questions which unreasonably intrude on that right); *see also Vinson v. Superior Court (Peralta Community College Dist.)* (1987) 43 Cal.3d 833, 239 Cal.Rptr. 292, 740 P.2d 404.

■ Sexual privacy is an accepted privacy right under the California Constitution. *Fults v. Superior Court In and For Sonoma County* (1979) 88 Cal.App.3d, 899, 152 Cal. Rptr. 210; *see also Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (finding a similar right to sexual privacy under the United States Constitution).

■ Failure to object on privacy grounds does not automatically waive a right to privacy. *Heda v. Superior Court (Davis)* (1990)

225 Cal.App.3d 525, 529, 275 Cal.Rptr. 136 (finding where objections were made only on other grounds no waiver was made of privacy rights). Also, where third-party rights are at issue no waiver will be found. *Boler v. Solano County Superior Court (Everett)* (1987) 201 Cal.App.3d 467, 472, fn. 1, 247 Cal.Rptr. 185 (finding that even where questions were relevant, court could not compel answers that would impair rights of unnamed sexual partners, as well as defendant's).

■ Even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed, there must then be a "careful balancing" of the "compelling public need" for discovery against the "fundamental right of privacy." *Board of Trustees of Leland Stanford Jr. University v. Superior Court of Santa Clara County* (1981) 119 Cal. App.3d 516, 525, 174 Cal.Rptr. 160.

■ The test of whether the fundamental right of privacy is outweighed is whether there is a "compelling state interest" in discovering the information. Id. at 527, 174 Cal.Rptr. 160. The public interest in preserving confidential information outweighs in importance the interest of a private litigant. *Id.* at 530, 174 Cal.Rptr. 160. As a fundamental liberty, it is protected even from incidental encroachment absent the demonstration of some compelling interest that is both legitimate and overriding. *Griswold v. State of Connecticut,* (1965) 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510.

Even if a compelling interest is found, any inquiry must be narrowly drawn in order to be least intrusive. *Fults* 88 Cal.App.3d at 902, 152 Cal.Rptr. 210. (in paternity case, finding that narrowly drawn interrogatory regarding Plaintiffs sexual activity three months before and three months after conception of child was appropriate means of seeking information rather than broader inquiry into Plaintiff's sexual activity).

A protective order does not cure intrusion into matters of sexual privacy. *Boler* 201 Cal.App.3d at 475, 247 Cal.Rptr. 185.

## Conclusion

■ Defendants in this case are asking Plaintiff general questions regarding her sexual activities with her husband. The fact that certain acts took place is not a privileged communication, so is not privileged under the marital communication privilege.

These questions do, however, intrude on her right of privacy. This right was not waived at her deposition, when she objected only on the grounds of the marital communication privilege. The third party right to privacy of her husband is also violated by the questions.

Defendants have offered no declarations from any experts to show the plausibility of contracting amoebiasis from sexual contact between the members of a heterosexual couple. They have not presented an adequate evidentiary foundation to demonstrate the relevance of their inquiry. Nor have they shown that their inquiry is narrowly drawn to obtain only relevant information.

Even if they could show relevance. they have demonstrated no compelling state interest in obtaining this information, sufficient to justify the intrusion, merely the interest of the private litigants, themselves.

In addition, they rely on a so-called confidentiality order, as protection for Plaintiff, when it was drafted to protect Defendants' proprietary information (See Ex. D to Downey Declaration in Support of Motion), and when a protective order would not mitigate the intrusion anyway.

For all the above reasons, Defendants' motion to compel deposition testimony should be DENIED.

## CROSS–MOTIONS FOR SANCTIONS

Plaintiff and Defendants both move for an award of attorney's fees incurred in making and opposing Defendants' motion to compel deposition testimony.

Since Defendants did not prevail in their motion, they are clearly not entitled to an award of expenses under Rule 37(a)(4)(A), Federal Rules of Civil Procedure, which provides for an award of expenses, including attorney's fees, to the prevailing party in a motion to compel.

When a motion is denied, Rule 37(a)(4)(B) provides that the court shall require "the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust."

In this instance, Defendants' motion was not substantially justified, since the vast bulk of legal authority was against their position, and there are no circumstances evident which would make an award of expenses unjust. Plaintiff incurred attorney's fees of $6,500.00. This represents ten hours of Mr. Helmueller's time, at $150 per hour, and 40 hours of his associate, Ms. Marko's, time, at $125 per hour. This appears to the court to be an unreasonable amount of time for the work involved, and the court accordingly will reduce the amount to $1500.

Plaintiff's motion for sanctions is GRANTED. Defendants are ordered to pay to Plaintiff the amount of $1,500.00, within twenty days of the date of this order.