# In the United States Court of Federal Claims

No. 12-326C

(Filed: April 8, 2013)

*******************************************

|  |  |  |
|---|---|---|
| **COUNCIL FOR TRIBAL EMPLOYMENT RIGHTS,** | ) ) ) | Motion for award of fees and expenses incurred in connection with a successful motion to compel |
| **Plaintiff,** | ) ) | discovery; RCFC 37(a)(5); absence of substantial justification for opposing |
| **v.** | ) ) | party's position |
| **UNITED STATES,** | ) ) |  |
| **Defendant.** | ) ) |  |

*******************************************

Daniel S. Press, Van Ness Feldman, LLP, Washington, D.C., for plaintiff.

Joseph E. Ashman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Stuart F. Delery, Principal Deputy Assistant Attorney General, Civil Division, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## ORDER

LETTOW, Judge.

In this contract case, plaintiff, Council for Tribal Employment Rights (the "Council"), has moved for an award of attorney's fees and costs incurred in securing an order compelling the government to respond to discovery requests. In its motion, the Council invokes Rule 37(a)(5)(A) of the Rules of the Court of Federal Claims ("RCFC"), arguing that its motion to compel essentially was granted in full. The government resists any award of fees and expenses on the ground that its position was substantially justified, or, alternatively, it asks that fees and expenses should be apportioned under RCFC 37(a)(5)(C) because the Council's motion to compel was granted only in part.[1]

---

[1]RCFC 37(a)(5)(A) addresses awards of expenses upon the grant of a motion to compel, and RCFC 37(a)(5)(C) authorizes the court to apportion expenses where a motion to compel is granted in part and denied in part:

## BACKGROUND

The circumstances attendant to the Council's motion to compel discovery responses were somewhat unusual. On May 23, 2012, the Council filed a seven-count complaint seeking damages on two types of claims, namely, breach of express contracts with the Department of Interior's Office of Indian Energy and Economic Development ("IEED"), and breach of the Council's rights as a third-party beneficiary to contracts between IEED and the Spirit Lake Tribe and to another agreement between IEED and the Federal Highway Administration. Compl. at 1. On July 10, 2012, the previously assigned judge entered a special procedures order addressing filing and timing requirements that, among other things, barred submission of any dispositive motion before a preliminary status conference had been conducted. *See* Order of July 10, 2012 ¶ 4, ECF No. 7. In the ordinary course, a preliminary status conference would follow submission of a joint preliminary status report, which in turn would be filed within 45 days after an answer. *Id*. ¶ 5. The special procedures order specifically provided that "[n]o formal discovery will take place before the preliminary status conference. However, the parties shall comply with RCFC 26, regarding required initial disclosures." *Id*.

After the government first obtained an extension of time to respond to the Council's complaint, it submitted a motion for leave to file a motion to dismiss pursuant to Rule 12 and for relief from the court's special procedures order. Def.'s Mot. for Relief from the Court's Special Procedures Order, ECF No. 13. In addition to seeking leave to file a motion to dismiss in lieu of an answer, the government sought relief from the obligation to make required initial disclosures under RCFC 26(a). *Id*. at 1. The Council opposed the government's motion for leave on the

---

> (5) Payment of Expenses; Protective Orders.
>     (A)    If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>         (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>         (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
>         (iii)  other circumstances make an award of expenses unjust.
>         . . .
>     (C)    If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under RCFC 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

RCFC 37(a)(5)(A), (C).

2

grounds that the government had shown no factors that would justify a departure from the special procedures order and that factual development involving "some level of discovery" would be necessary to address the contracts at issue in the case. Pl.'s Opp'n to Def.'s Mot. for Relief from the Court's Special Procedures Order at 2, ECF No. 16.[2] Before the government's reply in support of its motion for leave and for relief from the special procedures order was filed, *see* ECF No. 19, the case was reassigned, Order of Oct. 11, 2012, ECF No. 17.

After a hearing before the newly assigned judge, the government's motion for leave and for relief from the special procedures order was granted in part and denied in part. Order of Nov. 7, 2012, ECF No. 22. The court's order rescinded the special procedures order and provided that "[p]ursuant to Rule 26(d) of the Rules of the Court of Federal Claims, the court authorizes the parties to commence discovery on November 13, 2012. The parties' initial disclosures shall be made on or before November 27, 2012." *Id*.[3] At the hearing, the court had queried the government's counsel about whether the inclusion of a third-party-beneficiary theory in the complaint raised discovery issues beyond those related purely to jurisdictional matters:

---

[2]In the government's motion for relief from the special procedures order, the government represented that it would raise the jurisdictional argument that no contract could validly exist between the Department of Interior's Bureau of Indian Affairs and the Council. According to the government, the agreements at issue were subject to the Indian Self-Determination and Education Assistance Act of 1975, Pub. L. No. 93-638, 88 Stat. 2203 (codified at 25 U.S.C. §§ 450-458ddd-2), and the Council was and is not a "tribal organization" within the terms of the Act. *See* Def.'s Mot. for Relief from the Court's Special Procedures Order at 2-3. Thus, the government did not deny the existence of express contracts but proposed to contend that any such contracts were *ultra vires* and void. The government's projected arguments against the Council's third-party-beneficiary theories were not specific. *Id*. at 4.

[3]RCFC 26(d) addresses the timing and sequence of discovery, and provides as follows:

> (1) **Timing.** *A party may not seek discovery from any source before the parties have conferred as required by [RCFC] Appendix A ¶ 3, except* in a proceeding exempted from initial disclosure under RCFC 26(a)(1)(B), or *when authorized* by these rules, by stipulation, or *by court order.*
> (2) **Sequence.** Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>    **(A)** methods of discovery may be used in any sequence; and
>    **(B)** discovery by one party does not require any other party to delay its discovery.

RCFC 26(d) (emphasis added).

> THE COURT: Let's suppose that you don't think any discovery is necessary and the Plaintiff disagrees. If you got a discovery request under those circumstances, how would you address it?
>
> MR. ASHMAN [government's counsel]: Under those circumstances, Your Honor, if we don't believe it's necessary to resolve our motion, the legal issues raised in our motion, we would most likely, you know, it's conjecture, we'd oppose it and present to the Court reasons why we would oppose it.
>
> THE COURT: Well, the fact that the Plaintiff has included a third party beneficiary claim complicates the matter.

Hr'g Tr. 5:16 to 6:3 (Nov. 7, 2012).

On December 11, 2012, the government filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 25. A week later, the Council filed a Motion to Compel Discovery, ECF No. 26, contending that the government had refused to respond to its discovery requests filed on November 15 and 16, 2012.[4] The government resisted the Council's motion to compel on the grounds that (1) discovery beyond initial disclosures was inappropriate because it had not answered the Council's complaint but rather had moved to dismiss, and (2) the discovery sought would be wasteful and contrary to the concept that if the court's jurisdiction is challenged, only discovery related to jurisdictional issues should be allowed. Def.'s Resp. to Pl.'s Mot. to Compel at 7-10, ECF No. 30. The government also contended that a request for admissions made by Council in effect required the same type of responses as would be provided by an answer, and the motion to dismiss should be addressed as a first step because an answer might prove to be unnecessary. *Id*. at 5.[5]

The court granted the Council's motion to compel, ruling that in refusing to answer the Council's discovery requests, the government had misconstrued the court's prior order opening discovery in connection with rescinding the special procedures order issued by the previously assigned judge. Order of Jan. 10, 2013, ECF No. 32. The court noted that its prior order had "invoked [RCFC] 26(d) . . . to allow 'the parties to commence discovery.'" *Id*. at 1 (quoting the Order of Nov. 7, 2012). By taking that action, the court

> triggered discovery "before the parties have conferred as required by [RCFC] Appendix A ¶ 3." That paragraph of Appendix A addresses the early meeting of counsel that ordinarily occurs "[s]ubsequent to the filing of defendant's answer." RCFC Appendix A, ¶ 3. In essence, the order

---

[4]The Council revised its motion to compel on December 26, 2012, ECF No. 27.

[5]By order issued January 3, 2013, the court deferred the Council's obligation to respond to the government's motion to dismiss or, alternatively, for summary judgment until the discovery dispute was resolved.

4

dated November 7, 2012, permitted discovery prior to defendant's answer. As a consequence, defendant's argument that plaintiff was limited to initial disclosures is not correct. Instead, plaintiff, like defendant, was authorized to proceed with discovery related to all aspects of this case.

Moreover, plaintiff is not limited to discovery on purely jurisdictional issues. Defendant's motion to dismiss or, alternatively, for summary judgment, encompasses matters beyond those averred in plaintiff's complaint. The issues attendant to plaintiff's third-party-beneficiary claim are particularly fact intensive. As a result, plaintiff's request for production of documents is generally appropriate.

*Id*. at 1-2.

The court granted the motion to compel in part only because of a concern that the government's categorical refusal to respond to the Council's discovery requests had meant that the government had not stated specific objections to any of the requests. The government had responded to each of the Council's discovery requests by challenging the Council's right to make the requests. Uniformly, the government objected that the court's order opening discovery limited the allowed discovery to initial disclosures, coupled with a contention that the court lacked authority to direct discovery to commence until the government had answered, the parties had conferred, and the parties had filed the joint preliminary status report. *See*, *e.g.*, Pl.'s Revised Mot. to Compel Discovery, Attach. A (Def.'s Resp. to Pl.'s First Req. for Prod. of Docs.) at 2, ECF No. 27-1. The government had stated its position in blunt terms: "Because discovery pursuant to Rule 34 is not authorized, the defendant is not required to produce documents responsive to this request." *Id*. In granting the motion to compel, the court rejected the government's legal contentions, but it used the phrase "granted in part" to give the government an opportunity to present objections to explicit requests. The resulting order accordingly stated that "[d]efendant should respond to plaintiff's requests for production of documents and for admissions, and it shall do so on or before February 11, 2013. As part of its response to these requests, defendant may interpose specific objections to particular aspects of the requests." Order of Jan. 10, 2013 at 2.

The Council's motion for fees and costs pursuant to RCFC 37(a)(5) seeks $4,689.00 in fees and no costs. Although it opposes any award of fees, the government has not objected to the quantum of fees requested by the Council.

## ANALYSIS

RCFC 37(a)(5) provides for an award of fees and expenses upon the grant of a motion to compel in two types of circumstances. First, RCFC 37(a)(5)(A) applies if the motion is granted. In that event, "the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of

5

expenses unjust." RCFC 37(a)(5)(A). Contrastingly, if the motion is granted in part and denied in part, the court "may . . . apportion the reasonable expenses for the motion." RCFC 37(a)(5)(C). Accordingly, the threshold question before the court is whether Subparagraph (A) or (C) applies to the Council's motion for fees.

A. *Applicability of RCFC 37(a)(5)(A) or (C)*

Generally, Rule 37 addresses "consequences of a failure to respond properly to discovery." 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure*, § 2282 (3d ed. 2010). The current provisions of the Rule relate back to amendments to Fed. R. Civ. P. 37 adopted in 1970, which were designed to require courts to award expenses when a motion for an order compelling discovery is successful "unless the conduct of the losing party or person is found to have been substantially justified." Fed. R. Civ. P. 37 advisory committee's notes to 1970 amendments, subdiv. (a)(4); *see also Federal Practice and Procedure*, § 2281.[6] In effect, "'to encourage judges to be more alert to abuses occurring in the discovery process,'" the Rule "encompass[es] a presumption that sanctions should be awarded unless one of the [exempting] conditions in the Rule is met." *Covad Commc'ns Co. v. Revonet, Inc.*, 262 F.R.D. 1, 2 (D.D.C. 2009) (quoting Fed. R. Civ. P. 37 advisory committee's notes to 1970 amendments, subdiv. (a)(4)); *see also CANVS Corp. v. United States*, 104 Fed. Cl. 727, 731-32 (2012). It is designed to encourage or secure compliance with the discovery rules, not to reward a party prevailing on a motion to compel. *See* 7 James Wm. Moore, et al., *Moore's Federal Practice*, § 37.50[1][a] (3d ed. 2012) (citing *Chilcutt v. United States*, 4 F.3d 1313, 1324 (5th Cir. 1993)); *cf. National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (concluding that the extreme sanction of dismissal was appropriate for discovery misconduct, while observing that the purpose of Rule 37 is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent").

The procedural requirements for an award of fees and expenses have been met in this case. After the court issued its order of November 7, 2012, allowing discovery to commence, the Council sought discovery without success, and it conferred with the government's counsel in an effort to obtain responses absent intervention by the court. Only when these steps proved unavailing did the Council seek an order to compel. That the Council acted quickly to seek the aid of the court can be attributed to the prior proceedings associated with the government's motion to rescind the special procedures order and the government's subsequent, prompt filing of a motion to dismiss or, alternatively, for summary judgment. As a practical matter, the Council's only option at that point to a motion to compel would have been to object to the government's potentially dispositive motion on the grounds provided by RCFC 56(d), *i.e.*, to make a "show[ing] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Although that route would have allowed it to seek an order from the court to take discovery, *see* RCFC 56(d)(2), it had already pursued discovery, and a motion to

---

[6]RCFC 37(a)(5) mimics the text of Fed. R. Civ. P. 37(a)(5) and consequently should be interpreted congruently. *See* RCFC 2002 Rules Comm. Note at 1 ("[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure."); *see also Entergy Nuclear Fitzpatrick LLC v. United States*, 93 Fed. Cl. 739, 742 n.3 (2010), *aff'd*, __ F.3d __, 2013 WL 1296699 (Fed. Cir. Apr. 2, 2013).

compel provided a more direct route to achieving answers to its discovery requests. Finally, the government has been afforded ample opportunity to be heard, both respecting the Council's motion to compel and then the Council's motion for an award of expenses. *See Estate of Rubinstein v. United States*, 96 Fed. Cl. 640, 657 (2011) (permitting the plaintiff an opportunity to be heard before awarding expenses to defendant under RCFC 37(a)(5)(A)).

Implicitly acknowledging that the Council's motion for expenses is procedurally proper, the government contests the applicability of RCFC 37(a)(5)(A) based upon the court's grant of the motion to compel "in part." Def.'s Resp. to Pl.'s Mot. to Require Def. to Pay Pl.'s Expenses ("Def.'s Opp'n") at 1-2. The government's contention that "an award of full expenses to [the Council] is not appropriate," but rather that only an apportioned amount could be granted, *id*. at 2, rests on a misconstruction of the court's order. The court granted the motion to compel "in part" because the government had stated only categorical objections for providing any response to the discovery requests and had not addressed the specific facts of any particular request. Out of an excess of caution, the court endeavored to preserve the government's ability to object to portions of requests on traditional grounds, *e.g.*, privilege, overbreadth, oppression, undue burden or expense, and the like. The court specifically did not *deny* any part of the motion to compel.

Notably, RCFC 37(a)(5)(C) applies where a "motion is granted in part and *denied* in part" (emphasis added). In that circumstance, the court should apportion the reasonable expenses of the motion. That dispositional result was not used in this instance. Because the court granted relief while reserving, but not denying, limited aspects of the motion to compel, RCFC 37(a)(5)(A), not RCFC 37(a)(5)(C), applies to the Council's motion for expenses.[7]

B. *Substantial Justification*

An award of expenses in securing the grant of a motion to compel is not appropriate where "the opposing party's nondisclosure, response, or objection was substantially justified." RCFC 37(a)(5)(A)(ii). "The burden is on the party facing sanctions to prove that its violation was . . . substantially justified." *Elion v. Jackson*, 544 F. Supp. 2d 1, 6 (D.D.C. 2008). The government contends that its actions in refusing to answer the Council's discovery requests "were substantially justified because the background to the [c]ourt's November 7[, 2012] order, as well as substantial legal authority addressing the [c]ourt's threshold obligation to resolve issues of jurisdiction before ordering further proceedings into a case, afforded the [g]overnment a reasonable basis upon which to believe that its objections were correct." Def.'s Opp'n at 3. The Council responds that the discovery dispute was not over any factual matter or discovery rule but instead over the interpretation of an order of the court. Pl.'s Reply to Def.'s Opp'n at 2, ECF No. 41. The Council argues that the language of the court's order was unambiguous and that the government's interpretation was unreasonable. *Id*. at 2-3.

---

[7]Even if the court were to apply RCFC 37(a)(5)(C), the circumstances are such that the court would apportion the fees and expenses wholly in the Council's favor. The Council correctly points out that the court's grant of the motion to compel essentially afforded the Council full relief.

7

In essence, the question of substantial justification in this case turns on a question of law, not fact. "A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Group, Inc.*, 311 Fed. Appx. 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 n.2 (1988)). Although "substantially justified" "has never been described as meaning 'justified to a high degree,'" *Pierce*, 487 U.S. at 565, "a party's position is not substantially justified if there is no legal support for it,'" *Cobell v. Norton*, 226 F.R.D. 67, 91 (D.D.C. 2005) (quoting *Boca Investerings P'ship v. United States*, 1998 WL 647214, at *2 (D.D.C. 1998)). Contrastingly, "[i]f there is an absence of controlling authority, and the issue presented is one not free from doubt and could engender a responsible difference of opinion among conscientious, diligent but reasonable advocates, then the opposing positions taken by them are substantially justified." *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 200, 205 (D.D.C. 1998) (citing *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997); *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1357 (2d Cir. 1989)).

In its order of November 7, 2012, opening discovery and rescinding the special procedures order issued by the previously assigned judge, the court specifically cited RCFC 26(d) relating to the timing of discovery. That rule provides in pertinent part that "[a] party may not seek discovery from any source before the parties have conferred as required by [RCFC] Appendix A ¶ 3, except . . . when authorized . . . by court order." RCFC 26(d)(1). By opening discovery, the court expressly invoked the exception provided by the Rule. At that point, there should have been no legitimate question about what the court was doing[8] — or, indeed, why it was taking that step.[9]

In short, the court's Order of November 7, 2012, was plain, drawing as it did on RCFC 26(d)(1), which expressly allows the court to open discovery in advance of an answer, a preliminary status report, and a meeting of counsel. The government had no substantial justification for its categorical refusal to respond on legal grounds to the Council's discovery requests propounded after the court's order opening discovery was issued. Other courts have awarded expenses in comparable circumstances. *See Schurosky v. Hollywood Entm't Corp.*, No. C05-1125C, 2006 WL 214233, at *2 (W.D. Wash. Jan. 4, 2006) (awarding expenses against party who delayed production without any "'substantially justified' reason — legal or otherwise"); *Biovail Corp. v. Mylan Labs., Inc.*, 217 F.R.D. 380 (N.D. W.Va. May 2, 2003) (awarding expenses against party which had objected generally to discovery requests without any legal authority); *Coleman v. Dydula*, 175 F.R.D. 177, 180-81 (W.D. N.Y. June 27, 1997)

---

[8]Notwithstanding the precise language of RCFC 26(d)(1), the government apparently "continue[s] to respectfully disagree that the [c]ourt's order authorizing 'discovery related to all aspects of this case,' Order [of January 10, 2013] at 2, was properly within the [c]ourt's authority to order at this stage of the proceeding." Def.'s Opp'n at 5 n.1.

[9]The Council had signaled that it would respond to any potentially dispositive motion the government might file by seeking discovery to develop facts related to the issues raised. *See supra*, at 3. That the government subsequently filed a motion framed in the alternative for summary judgment merely confirms that both the Council and the government were well aware that the factual context of the Council's claims would be put at issue.

(awarding expenses after finding plaintiff's objections to defendant's discovery requests were "frivolous and without legal basis"); *Pearce v. Club Med Sales, Inc.*, 172 F.R.D. 407, 411 (N.D. Cal. Apr. 16, 1997) (ruling that a position was not substantially justified when legal authority was against it). Consequently, an award of expenses is appropriate in this case.[10]

The court additionally finds that the expenses requested by the Council are reasonable as a factual matter.

## CONCLUSION

For the reasons stated, the court awards plaintiff a total of $4,689.00 as its reasonable expenses in preparing the motion to compel discovery granted by the court on January 10, 2013.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge

---

[10]Expenses also should not be awarded where special circumstances exist that would make such an award unjust. RCFC 37(a)(5)(A)(iii). The government has not made any argument to that effect.